## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Ervin T. C.,

          Petitioner,

v.

Pamela Bondi, et al.,

          Respondents.

**ORDER GRANTING WRIT**
**OF HABEAS CORPUS**
Civil File No. 26-1343 (MJD/ECW)

---

Cody Blades, Blades Law LLC, Counsel for Petitioner.

Anne M. Bildtsen, David W. Fuller, Assistant United States Attorneys, Counsel for Respondents.

---

This matter is before the Court on Petitioner Ervin T. C.'s petition for writ of habeas corpus under 28 U.S.C. § 2241 filed on February 11, 2026.  (Doc. 1.) ("Pet.") Petitioner seeks a writ of habeas corpus requiring, among other things, that Respondents immediately release him from custody or in the alternative, that Respondents provide him a bond hearing under 8 U.S.C. § 1226(a).

1

## I.   FACTS[1]

Petitioner Ervin T. C. is a citizen of Guatemala and a resident of Le Sueur, Minnesota who has lived in the United States since January 2023.  (Pet. ¶ 12.)  He is active in his faith community at Iglesia Cristiana Fe Esperanza y Amor in Le Sueur and often cooks and cleans for the congregation.  (Id. ¶ 14.)  Petitioner does not have a pending or final order of removal and has no meaningful criminal history.  (Id. ¶¶ 13, 15.)

Petitioner was arrested by Respondent ICE on an unspecified date while he was driving in Le Sueur, Minnesota.  (Id. ¶ 16.)  He was stopped by three unmarked vehicles with flashing lights.  (Id.)  Petitioner was detained by multiple masked agents in plain clothes, who are believed to be agents of Respondent ICE.  (Id.)  Respondent ICE did not have a warrant for Petitioner's arrest.  (Id.)  Petitioner believes his arrest was part of "Operation Metro Surge," which has involved "hundreds of masked, unidentified individuals in unmarked

---

[1] "Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted."  Paula G. v. Bondi, No. 26-CV-410 (JMB/DLM), 2026 WL 146003, at *1 n.2 (D. Minn. Jan. 20, 2026) (citation omitted).

vehicles . . . holding themselves out as ICE agents but largely refusing to identify themselves by name or to present warrants." (Id. ¶ 17.)

At the time Petitioner's counsel filed the petition for writ of habeas corpus, he was unable to locate Petitioner on the ICE Detainer Locator, and therefore the petition states that upon information and belief, Petitioner had been brought to the Whipple Federal Building upon his arrest and that he was still there. (Id. ¶¶ 19, 20.) On February 11, 2026, the same day the petition was filed, the Court entered an Order to Show Cause ("OSC") enjoining Respondents from moving Petitioner out of Minnesota and, among other things, ordering Respondents to return Petitioner to Minnesota if he had been moved out of state. (Doc. 3 at 3.) In their response, Respondents state that by the time the OSC was filed, Petitioner had already been transferred to Texas, but that Respondents' counsel in this matter had worked with ICE's legal advisor to arrange for Petitioner to return to Minnesota on February 14. (Doc. 6 at 2.) In his February 13 reply, Petitioner does not argue that this is not so. (Doc. 7.) Therefore, the Court assumes that Petitioner is now either in the Whipple Federal Building or in a county jail in Minnesota.

3

## II.   DISCUSSION

A writ of habeas corpus may be granted to a petitioner who demonstrates he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  District courts have jurisdiction to hear habeas challenges to immigration-related detention.  Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Aditya W. H. v. Trump, Civ. No. 25-1976 (KMM/JFD), 782 F. Supp. 3d 691, 702-03 (D. Minn. May 14, 2025) (collecting cases).  The petitioner bears the burden to prove illegal detention by a preponderance of the evidence.  See Aditya, 782 F. Supp. 3d at 703 (collecting cases).

In Mahamed C.A. v. Noem, Magistrate Judge John F. Docherty succinctly explained the two statutes at issue in this case:

> Two provisions of the Immigration and Nationality Act are relevant to this case. Under 8 U.S.C. § 1225(b)(2), which applies to "an alien seeking admission" to the United States, detention while immigration proceedings are conducted is mandatory, while under 8 U.S.C. § 1226(a), which applies to an alien who is unlawfully present in the United States, detention is discretionary and may only be imposed after a hearing.

No. 25-CV-4551 (MJD/JFD), 2025 WL 3771299, at *1 (D. Minn. Dec. 16, 2025), R&R adopted sub nom., 2025 WL 3754012 (D. Minn. Dec. 29, 2025).

Petitioner alleges that he is being detained pursuant to 8 U.S.C. § 1225(b)(2), when under the facts of this case, any detention could only be pursuant to 8 U.S.C. § 1226(a) because he was "apprehended within the United States, not at a border while seeking entry," and which would also require a warrant.  (Pet. ¶¶ 29, 30.)

After receiving the petition, the Court ordered Respondents to show cause why the writ should not be granted in this case and to include with their answer "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition."  (Doc. 3 at 1.)

In response, Respondents state the following:

> This petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided.  Those issues are currently before the Eighth Circuit on expedited review in <u>Avila v. Bondi</u>, No. 25-3248 (8th Cir. docketed Nov. 10, 2025), and the Fifth Circuit recently agreed with the government's position in <u>Buenrostro-Mendez v. Bondi</u>, -- F.4th --, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

(Doc. 6 at 1.)  Respondents assert all arguments made in <u>Avila</u>.  (<u>Id.</u>)

This response is unpersuasive because this Court agrees with the majority of courts not only in this District, but also nationwide, that overwhelmingly side

with Petitioner.  See Beltran v. Bondi, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *3 (D. Minn. Dec. 23, 2025) ("To be seeking admission means to be seeking entry, which 'by its own force implies a coming from outside.'") (quoting United States ex rel. Claussen v. Day, 279 U.S. 398, 401 (1929)) (citation omitted); see also Edwin C. R. v. Bondi, No. 26-00355 (MJD/JFD), 2026 WL 185068, at *2 (D. Minn. Jan. 25, 2026) (distinguishing cases cited by Respondents); Mahamed C.A., 2025 WL 3771299, at *2 ("The United States concedes that Petitioner's claim is similar to numerous other immigration cases in this District in which citizens detained by U.S. Immigration and Customs Enforcement seek bond hearings, in every one of which a district judge of this Court has ruled against the government's new interpretation. . . . Going beyond Minnesota to consider this question on a national level, over 300 cases (and counting) have been decided adversely to the government.").  Accordingly, the Court finds that Petitioner is properly detained, if at all, under 8 U.S.C. § 1226(a).

Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section

6

1226(a)." <u>Cristian Z. v. Bondi</u>, No. 26-CV-157 (ECT/ECW), 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (citation omitted). "It follows that absent a warrant a noncitizen may <u>not</u> be arrested and detained under section 1226(a)." <u>Id.</u> (cleaned up); <u>Ahmed M. v. Bondi</u>, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (same).

Here, Petitioner claims that his arrest was warrantless. (Pet. ¶ 16.) As discussed above, Respondents were ordered to provide any affidavits and exhibits needed to establish the lawfulness of Petitioner's detention. (Doc. 3 at 1.) They were also ordered to address whether the absence of a warrant preceding Petitioner's arrest necessitated his immediate release. (<u>Id.</u> at 2.) Respondents did not include a warrant with their response or even argue that one exists. Accordingly, Petitioner's immediate release is the proper remedy here. <u>See</u> <u>Ahmed M.</u>, 2026 WL 25627, at *3 (a failure to satisfy warrant requirement is grounds for immediate release of an individual detained under Section 1226(a)).

## III.   ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

7

1. Petitioner's petition for writ of habeas corpus **[Doc. 1]** is **GRANTED as**

   **follows:**

   a. Respondents are ordered to immediately arrange for release of

      Petitioner into Minnesota at a safe time and in a safe place that is

      communicated at least two (2) hours in advance to Petitioner's

      counsel;

   b. Respondents are ordered to release Petitioner on his own

      recognizance and without conditions;

   c. Respondents are ordered to immediately return all Petitioner's

      personal items that were taken from him when he was detained

      in substantially the same condition as when the items were taken,

      such as his driver's license, immigration papers, passport, cell

      phone, and keys; and

   d. Respondents are enjoined from re-detaining Petitioner under the

      same statutory theory that has been rejected in this Order.

2. Within 48 hours of the date of the filing of this Order, Respondents are ordered to file a status update with the Court reporting on their compliance with this Order.

3. Any motion for attorney fees and costs pursuant to the Equal Access to Justice Act must be filed within 21 days of entry of judgment in this matter, along with a well-reasoned memorandum of authorities explaining why an award of fees and costs is warranted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 15, 2026                    s/Michael J. Davis
                                             Michael J. Davis
                                             United States District Court

9